**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0506n.06

No. 12-4254

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ZHI QIANG LI, | ) | **FILED** |
|  | ) | *May 21, 2013* |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) |  |
|  | ) | ON PETITION FOR REVIEW |
| ERIC H. HOLDER, JR., Attorney General, | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| Respondent. | ) | APPEALS |
|  | ) |  |

BEFORE: McKEAGUE and DONALD, Circuit Judges; LAWSON, District Judge.[*]

PER CURIAM. Zhi Qiang Li petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his asylum application as untimely.

Li is a native and citizen of China. He claims to have entered the United States on April 28, 2008. On April 15, 2009, Li filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), alleging that he would be persecuted and tortured if removed to China because he is a Christian. The IJ concluded that the asylum application was untimely because Li failed to demonstrate that he filed it within one year of entering the United States. The IJ granted Li's request for withholding of removal and, based on that decision, declined

---

[*]The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

to address Li's claim for relief under the CAT. The BIA dismissed Li's appeal, concluding that the IJ properly determined that the asylum application was untimely.

On appeal, Li raises the following claims concerning the denial of his asylum application as untimely: (1) the IJ and BIA erred by denying the application because the evidence established that it was filed within one year of his entry into the United States; (2) the IJ failed to make an explicit adverse credibility determination concerning his testimony that he entered the United States on April 28, 2008, and, to the extent the IJ made such a determination, it was erroneous; (3) the IJ failed to provide him with a sufficient opportunity to explain the discrepancies concerning when he entered the United States; and (4) the IJ and BIA erred by relying on his failure to provide documentary evidence showing when he began living and working in the United States.

Where the BIA affirms an IJ's ruling and adds its own comments, we review both the IJ's decision and the BIA's additional comments. *Lateef v. Holder*, 683 F.3d 275, 279 (6th Cir. 2012). We review de novo questions of law involving immigration proceedings. *Ibid*.

We cannot review Li's claims that the evidence established his asylum application was timely and that he testified credibly because those issues are predominantly factual. *See Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008). To the extent that Li raises colorable legal claims, his challenges fail. Despite Li's argument to the contrary, the IJ explicitly found that Li's testimony concerning his date of entry into the United States was not credible, given his assertions in his asylum application and asylum interview that he entered the United States in February 2008 and began living and working in Tennessee the following month. Further, the IJ did not deprive Li of a sufficient opportunity to explain the inconsistencies concerning his date of entry into the country,

given that Li addressed the issue during his testimony and explained that the inconsistencies were the result of nervousness. Finally, the IJ and BIA did not commit legal error by considering Li's failure to provide documentary evidence demonstrating when he began living and working in Tennessee because that evidence should have been reasonably available and was relevant to whether Li established by clear and convincing evidence that his asylum application was timely. *See* 8 U.S.C. § 1158(a)(2)(B).

Accordingly, we deny Li's petition for review.